UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>EMIL ARRIOLA MELENDEZ,<br>Defendant. | Case No. 21-mj-71760-MAG-1   (JSC)<br><br>**ORDER OF DETENTION** |

On November 17, 2021, this Court held a hearing on the government's motion to detain Defendant Emil Arriola Melendez pretrial. For the reasons stated on the record and summarized below, the Court orders Mr. Arriola Melendez detained.

Because Mr. Arriola Melendez is charged with an offense under the Controlled Substances Act that carries a statutory maximum greater than 10 years in custody, subject to rebuttal, the law presumes that no condition or combination of conditions will reasonably assure the defendant's appearance and the safety of the community. 18 U.S.C. § 3142(4)(3)(A). If a defendant rebuts this statutory presumption, the Court considers the following four factors in determining whether the defendant presents a serious risk of flight: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence; (3) the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, and criminal history, as well as whether the crime was committed while the defendant was on probation or parole; and (4) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

Having reviewed the criminal Complaint, and the bail report prepared by U.S. Pretrial Services, and having heard arguments from both parties on November 17, 2021, the Court finds

that the government has established by a preponderance of the evidence that Mr. Arriola Melendez is a flight risk. He does not have legal status in the United States and has significant ties outside of this jurisdiction. In particular, almost all of his family resides in Honduras, including his wife and children. Given the consequences of this prosecution, which at the moment includes an amount of drugs requiring a mandatory minimum sentence, he has incentive to flee the country. While the Court appreciates the willingness of Mr. Arriola Melendez's brother and long-time friends to act as sureties, in this case their ties to Mr. Arriola Melendez are insufficient to mitigate the risk of flight.

Given the nature of the crimes as alleged, as well as the history and characteristics of the defendant, the Court determines that, based on the current record, there is no condition or combination of conditions of release that can reasonably assure the defendant's appearance as required. Accordingly, pursuant to 18 U.S.C. § 3142(i), IT IS HEREBY ORDERED THAT:

(1) Defendant is committed to the custody of the Attorney General for confinement in a corrections facility;

(2) Defendant be afforded reasonable opportunity for private consultation with his counsel; and

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

Dated: November 17, 2021

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

2